JUDG-E ROBERTSON
delivered the opinion of the court:
In this action by the appellee against the appellant and W. M. Gibson, on their joint note for money, the appellant, seeking exoneration, alleged in his answer that he was only Gibson’s surety, and that, shortly after the note became due, he gave the appellee an oral notice to sue *419 at- the next term of the court, and, at the same time, “ offered to give a written notice; but the plaintiff waived a written notice, saying, ‘ I do not require a written notice; I waive a written notice; a verbal notice is all that is necessary.’ ”
The circuit court sustained a demurrer to the answer, and rendered judgment against the appellant for the debt.
The facts, as alleged in the answer and admitted by the demurrer, constitute an available defense in bar of the action against the appellant.
Although the statute under which the appellant seeks exoneration prescribes a written notice, yet such notice, in permanent form, is only required for the benefit and security of the obligee against mistakes and subornation. But this legal privilege of requiring written evidence of the notice may be waived by accepting an actual notification without writing, and thus lulling the surety by expressly dispensing with a written form, which could not in fact have given any more information. Had the appellee been silent, or had he objected to the verbal notice, the appellant could not make any other than a written notice available, as the statute entitled the appellee to require it; but the appellee not only waived his right to require a written notice, but expressly accepted the verbal notice as equally satisfactory and effectual; and he thereby prevented the appellant from' giving the notice in writing, which he would undoubtedly have otherwise done, and thereby have either precipitated a prompt suit against the principal, or secured his own exoneration in the event of a failure to bring any such action.
If, then, the answer be true, as it must be assumed to be until denied, the appellee is estopped to deny that the notice thus given and accepted was legal and sufficient *420 for the appellant’s discharge by the failure to sue for several terms after the appellee was warned to sue. To allow Mm to take such an advantage of his own act would be a fraud on the appellant and a wrongful perversion and abuse of the statute.
Wherefore, the judgment is reversed, and the cause remanded for further proceedings' consistent with the foregoing opinion.