### R. P. HOLLOWELL v. J. & W. HODGES.

**Bills and Notes—Notice by Surety to Sue—Waiver—Estoppel.**

In this case the surety offered to give the payee a written notice to sue the principal but he waived it saying that he did not require it and accepted a verbal notice as sufficient. This amounted to an

express waiver of his statutory right to require the notice to be in writing, and he is thereby estopped from claiming that the notice there given was not legal and sufficient.

APPEAL FROM LYON CIRCUIT COURT.

January 12, 1871.

OPINION BY JUDGE LINDSAY:

The defense relied upon by the appellant by his answer in this case falls very far short of that set up by Hamblin in the case of *Hamblin v. McCallister,* 4 Bush 418. In that case the surety offered to give the payee of the note a written notice to sue, but he expressly waived it, saying that he did not require it. That he waived a written and accepted the verbal notice as sufficient. This amounted to an express and unmistakable waiver of his statutory right to require the notice to be in writing, and as the law then stood he was estopped from claiming that the notice there given was not legal and sufficient. The answer in this case sets up no such express waiver—nothing seems to have been waived relative to either a written or verbal notice, and to imply a waiver upon the part of the appellee of his statutory right from his mere assurance that he would sue at once, would be in effect to abrogate the statute. The court properly sustained the demurrer to the appellant's answer.

Judgment affirmed.

*Hewlett, for appellant.*

*Wake, for appellee.*